UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR OWENS, | 1:16-cv-00382 LJO SMS |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT ISHIHARA LIANG'S APPLICATION FOR STAY AND EARLY EVALUATION CONFERENCE (Doc. 7) |
| v. | |
| ISHIHARA-LIANG, Inc., dba EDO-YA TOKYO CUISINE and AMI WINEPRESS, L.P., | |
| Defendants. | |

This is a civil rights action by Plaintiff Arthur Owens for discrimination that allegedly occurred at Edo-Ya Tokyo Cuisine, located at 3050 West Shaw Avenue in Fresno, California. Plaintiff brings this action under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), and related California statutes.

Before the Court is Defendant Ishihara-Liang's application for a stay of proceedings and early conference pursuant to California Civil Code § 55.54. Doc. 7. Under California law, the Construction–Related Accessibility Standards Compliance Act, Cal. Civ. Code §§ 55.51–55.54, "entitles some defendants in construction-related accessibility suits to a stay and [an early] evaluation conference for the lawsuit." *O'Campo v. Chico Mall*, LP, 758 F. Supp. 2d 976, 983 (E.D.Cal.2010) (citing Cal. Civ. Code § 55.54(b)(1)). However, section 55.54's provisions are preempted by the ADA and cannot be applied to Plaintiff's claim, "to the extent that it imposes any additional procedural hurdles to a plaintiff bringing a claim under the ADA." *See id.* at 984; *see also Lamark v. Laiwalla*, No. CIV. 2:12-3034 WBS, 2013 WL 3872926, at *1 (E.D. Cal. July 25, 2013); and *Moreno v. Town & Country Liquors*, No. 2:12–CV00729 JAM KJM, 2012 WL 2960049, at *4 (E.D. Cal. July 19, 2012).

It further appears that all California federal courts to have considered the issue have found that, under *Erie Rail Co. v. Tompkins*, 304 U.S. 64 (1938), and related cases, a federal court should not apply the procedures of California Civil Code section 55.54 to supplemental state law claims because its provisions are not outcome determinative. *See Moreno*, 2012 WL 2960049, at *4; *O'Campo*, 758 F.Supp.2d at 985; *Oliver v. Hot Topic, Inc.*, 10CV1111 BEN AJB, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010). Further, Defendants would be subjected to the same discovery and other processes with or without the stay as Plaintiff's ADA claim proceeds, making a stay of the state claims meaningless. *Moreno*, 2012 WL 2960049, at *4.

Although the court may also stay an action under its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), Defendant has not made a sufficient showing that a stay would be appropriate in this case. The court will accordingly deny Defendants' motion to stay plaintiff's ADA and state law claims.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Defendant's application for a stay and early evaluation conference, Doc. 7.

IT IS SO ORDERED.

    Dated: __May 4, 2016__            __/s/ Lawrence J. O'Neill__
                                              UNITED STATES CHIEF DISTRICT JUDGE